## JOHN TILLERY v. THE STATE.

1. CRIMINAL LAW. *Declaration.* Separate offenses belonging to the same class, differing only in degree of punishment, may be united in the same indictment.

2. SAME. *Incorporated institutions of learning. Evidence.* The existence of a corporation may be established by the introduction of a list of corporations published as required by section 20 of the Act of 1875. It is competent for the Legislature to regulate the mode of proof of incorporation.

3. SAME. *Same.* It is unlawful to sell liquor within four miles of an incorporatod school during vacation.

4. SAME. *Same.* It is unlawful to sell liquor within four miles of an incorporated school, although the school is kept up with the common school fund of the district.

### FROM MEIGS.

Appeal in error from the Circuit Court of Meigs county. D. C. TREWHITT, J.

W. L. HARBISON for Tillery.

H. H. INGERSOLL for The State.

DEADERICK, C. J., delivered the opinion of the court.

Plaintiff in error was presented by the grand jury of Meigs county for unlawfully selling intoxicating liquors. The presentment contained two counts. The first charged the unlawful selling of intoxicating liquors within four miles of an incorporated institution of learning. The second charged the selling of spirit-

ous and alcaholic liquors, without taking an oath not to mix or adulterate, etc.

The defendant entered a motion to quash upon the ground that it charges different offenses in the same presentment. The motion to quash was overruled, and defendant was convicted by the jury on the first count, and a fine of one hundred dollars and thirty days imprisonment in the county jail, imposed by the verdict of the jury, and the judgment of the court, and he has appealed in error to this court.

It has been held by this court that separate offenses, punished by different degrees of severity, but differing only in degree, and belonging to the same class of crimes, may be united in the same indictment or presentment, and it is not error to refuse to quash for this reason, or to compel the prosecution to elect: 8 Hum., 65: 5 Cold., 26; 10 Hum., 11; 4 Lea, 176.

There was no error, therefore, in refusing to quash the presentment. On the trial the attorney-general introduced, as evidence of the existence of the corporation of Pleasant Grove Academy, the list of corporations organized under chapter 142, acts of 1875. This list was published in the acts of 1881 as prescribed by section 20 of the act of 1875. And by that section said list was made legal evidence of the existence of the corporation. It was competent to the Legislature, to regulate the mode of proof |of the fact of the incorporation of said Academy. And there was no error in admitting said list, nor in the instruction to the jury that such list was legal and *prima facie* evidence of the legal incorporation of said Academy,

but said defendant might show such charter was not registered as required by law.

The court charged the jury that if the proof showed the trustees had been appointed and had organized and caused a school to be taught under the charter, and the liquor was sold during vacation, the defendant would be guilty, and this would be so although the school was kept up with the common school fund of the district.

The act of 1877 makes it unlawful " for any person to sell or tipple any intoxicating beverage within four miles of an incorporated institution of learning in. this State," etc. The act prohibits the sale within four miles of the place where such institution is located. It does not qualify the prohibition by saying it shall only be illegal while school is there being taught, or that the instruction shall be endowed. And we think neither condition is essential to give validity to the prohibition.

The judgment of the circuit court will be affirmed.